# EXHIBIT "A"

1  Steve Hoffman (SBN 237466)
   Law Office of Steve Hoffman
2  180 Broadway, Suite 1810
3  San Diego, CA 92101
   Telephone:     619-677-3015
4  Facsimile:     888-320-9384
   shoffmanlaw@gmail.com
5
6  Attorneys for Plaintiff John Doe

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/04/2022** at 07:33:56 PM
Clerk of the Superior Court
By Mariejo Guyot, Deputy Clerk

7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **IN AND FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION**

10

11  JOHN DOE,                              )   **CASE NO.** 37-2022-00016847-CU-CR-CTL
                                           )
12                     Plaintiff,          )   **COMPLAINT FOR DAMAGES**
            vs.                            )
13                                         )
    COUNTY OF SAN DIEGO, a government      )
14  entity; CHRISTOPHER CADIGAN, an        )
    individual; AMBER SPRAGUE, an          )
15  individual; ASHLEY LEBLANC, an         )
    individual; and DOES 1 to 20, inclusive,)
16                                         )
                                           )
17                     Defendants.         )
                                           )
18                                         )
                                           )
19                                         )
                                           )
20

21                      **PARTIES, JURISDICTION, AND VENUE**

22          1.      Plaintiff John Doe ("Plaintiff") is and, all times relevant to this complaint, was a

23  resident of Encinitas, in San Diego County, California. Plaintiff is, and at all relevant times, an

24  attorney licensed to practice law in the State of California. Because of the nature of the

25  allegations alleged in this Complaint, Plaintiff is identified by a pseudonym in order to preserve

26  his confidentiality and to avoid potential opprobrium – including professional opprobrium –

27  pursuant to applicable law.

28

                              Complaint for Damages
                                       1

                              **EXHIBIT A**

2. Defendant County of San Diego is a public entity, a county in the State of California, California, and operating the San Diego County Sheriff's Department and employing the individual defendant officers and agents, who were acting within the scope of their employment and under color of law.

3. On information and belief, Defendant Christopher Cadigan (Cadigan) is a Deputy Sheriff, and at all times relevant to this Complaint, was acting in the course and scope of his employment by Defendant County of San Diego.

4. On information and belief, Defendant Amber Sprague (Sprague) is a Deputy Sheriff and, at all times relevant to this Complaint, was acting in the course and scope of her employment by Defendant County of San Diego.

5. On information and belief, Defendant Ashley LeBlanc (LeBlanc) was, at all times relevant to this Complaint, a Psychiatric Emergency Response Team clinician, acting as an agent or ostensible agent for Defendant County of San Diego, and was acting under color of law.

6. The events giving rise to this Complaint occurred in the County of San Diego and within this judicial district.

7. At all times relevant to this complaint, Defendants DOES 1 through 20 were Sheriff's deputies and agents of Defendant County of San Diego. At all times relevant hereto, these DOE defendants were acting in their professional capacity as Sheriff's deputies and within the scope of their employment.

8. The true names and capacities of DOES 1 through 20, inclusive, and the facts giving rise to their liability are unknown to Plaintiff at this time. Plaintiff will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

9. Plaintiff is informed and believes and, thereon alleges, that each of the DOE Defendants is responsible in some manner, either by act or omission, strict liability, fraud, negligence or otherwise, for the occurrences herein alleged, and that Plaintiff's harm was legally caused by conduct of the DOE Defendants.

**EXHIBIT A**

1    10.    Plaintiff timely filed a claim for damages, pursuant to Government Code § 910,

2    with Defendant County of San Diego.  The claim was rejected on November 4, 2021.

3

4                                        **FACTS**

5    11.    On May 31, 2021, Defendant County of San Diego by and through its agents, the

6    Sheriff's deputies identified in the caption, above, LeBlanc, and the DOE defendants, illegally

7    entered Plaintiff's enclosed back yard, without a warrant, without exigent circumstances or

8    probable cause, and without Plaintiff's consent.  Plaintiff was folding laundry in the hallway

9    inside of his home at the time the Sheriff's deputies and agents illegally entered his backyard.

10    Plaintiff objected to the Sheriff's deputies' and agents' warrantless entry into his backyard and

11    requested that they leave his property.

12    12.    Instead of leaving as requested, Defendant Sprague (among others) pulled her gun

13    and aimed it at Plaintiff after Plaintiff indicated his intention to record the encounter with his

14    cellphone camera.

15    13.    The defendant Sheriff's deputies and agents (and DOE Defendants) then illegally

16    entered Plaintiff's home and knocked the cellphone out of his hand, placed Plaintiff in handcuffs,

17    patted him down (as part of a purported search for weapons), and then forced him into his

18    backyard, still wearing handcuffs.

19    14.    In response to Plaintiff's objection to these actions, the lead deputy claimed there

20    was probable cause for the detention based on the unidentified reporting party's statement that

21    Plaintiff was a threat to himself, and because there was a belt lying on the floor inside of the

22    master bedroom – something the deputies never would have seen had they not illegally entered

23    Plaintiff's home.   The defendant Sheriff's deputies (and DOE Defendants) detained and

24    interrogated Plaintiff for an extended period of time in his backyard.  Plaintiff remained calm and

25    repeatedly objected to law enforcement's illegal entry.  Plaintiff nevertheless was ultimately –

26    and illegally – arrested and taken to a San Diego County hospital against his will and without

27    cause.

28

**EXHIBIT A**

15.     Plaintiff was in handcuffs for over two hours. He repeatedly asked the officers to remove the handcuffs. The lead deputy defendant, Cadigan, informed Plaintiff it was department policy to keep Plaintiff in handcuffs. He suffered bodily injury caused by the handcuffs, symptoms of which continued for many months after the arrest.

16.     Plaintiff was immediately discharged from the psychiatric hospital because he did not meet any of the criteria for an involuntary detention pursuant to applicable law.

## FIRST CAUSE OF ACTION

**(42 U.S.C. § 1983, 4th Amendment of the U.S. Constitution - Unreasonable Seizure of Person – Against Defendants Cadigan, Sprague and LeBlanc)**

17.     Plaintiff re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference.

18.     42 U.S.C. § 1983 provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

19.     Plaintiff had a firmly established right under the Fourth Amendment to be free from unreasonable seizure.

20.     An arrest of an individual without probable cause or without a warrant or any specific basis for believing the individual is in involved in criminal activity violates the Fourth Amendment.

21.      The defendant Sheriff's deputies and LeBlanc (and DOE Defendants), acting on behalf of Defendant San Diego County, willfully seized and detained Plaintiff despite the fact that he had committed no crime and had no mental health disorder.

22.     Plaintiff suffered economic and non-economic damages, including, but not limited to emotional distress and pain and suffering as a result of Defendants' acts complained of herein, in an amount to be proven at trial but exceeding the jurisdictional minimum of this Court.

Complaint for Damages
4

**EXHIBIT A**

## SECOND CAUSE OF ACTION

**(42 U.S.C. § 1983, 4th Amendment of the U.S. Constitution - Unreasonable Seizure of Person - Against Defendants Cadigan, Sprague)**

23.   Plaintiff re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference.

24.   Plaintiff had a firmly established right under the Fourth Amendment to be free from unreasonable searches.

25.   The defendant Sheriff's deputies (and DOE Defendants), acting on behalf of Defendant San Diego County, willfully searched Plaintiff's person and house. The search was made without a warrant and without Plaintiff's consent.

26.   Plaintiff suffered economic and non-economic damages, including, but not limited to emotional distress and pain and suffering as a result of Defendants' acts complained of herein, in an amount to be proven at trial but exceeding the jurisdictional minimum of this Court.

## THIRD CAUSE OF ACTION

**(42 U.S.C. § 1983 - 4th Amendment of the U.S. Constitution - Unreasonable Force Plaintiff Against Defendants Cadigan, Sprague)**

27.   Plaintiff re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference.

28.   Plaintiff had a firmly established right under the Fourth Amendment to be free from unreasonable force.

29.   The defendant Sheriff's deputies (and DOE Defendants), acting on behalf of Defendant San Diego County, willfully used unreasonable force against Plaintiff.

30.   Plaintiff suffered economic and non-economic damages, including, but not limited to emotional distress and pain and suffering as a result of Defendants' acts complained of herein, in an amount to be proven at trial but exceeding the jurisdictional minimum of this Court.

///

///

**EXHIBIT A**

## FOURTH CAUSE OF ACTION

### (California Civ. Code§ 52.1- Bane Act Plaintiff Against All Defendants)

31.     Plaintiff re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference.

32.     Plaintiff had a firmly established right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution and Article I, section 7 of the California Constitution.

33.     The defendant Sheriff's deputies (and DOE Defendants), acting on behalf of Defendant San Diego County, intentionally interfered with Plaintiff's civil rights in violation of Section 52.1 by violence, threats of violence and coercion through physical intimidation by perpetrating the above acts.

34.     Plaintiff suffered economic and non-economic damages, including, but not limited to emotional distress and pain and suffering as a result of Defendants' acts complained of herein, in an amount to be proven at trial but exceeding the jurisdictional minimum of this Court.

35.     Defendants' conduct constitutes oppression, fraud, or malice within the meaning of Civil Code §§ 3294 et seq. and punitive damages should be assessed against Defendants.

36.     Defendant San Diego County is liable pursuant to California Government Code§ 815.2.

## FIFTH CAUSE OF ACTION

### (False Imprisonment – Against All Defendants)

37.     Plaintiff re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference.

38.     The defendant Sheriff's deputies (and DOE Defendants), acting on behalf of Defendant San Diego County, intentionally deprived Plaintiff of his freedom of movement by use of physical barriers, force, threats of force, intimidation, and unreasonable duress

39.     Plaintiff     did     not     voluntarily     consent     to     the     deprivation. Plaintiff     was     arrested     without     a     warrant     or     probable     cause.

## EXHIBIT A

1 Plaintiff suffered economic and non-economic damages, including, but not limited
2 to emotional distress and pain and suffering as a result of Defendants' acts complained of herein,
3 in an amount to be proven at trial but exceeding the jurisdictional minimum of this Court.

4     40.    Defendants' conduct in detaining Plaintiff was a substantial factor in causing
5 Plaintiff's harm.

6     41.    Defendants' conduct constitutes oppression, fraud, or malice within the
7 meaning of Civil Code §§ 3294 et seq. and punitive damages should be assessed against
8 Defendants.

9     42.    Defendant San Diego County is liable pursuant to California Government Code §
10 815.2.

11 <center>**SIXTH CAUSE OF ACTION**</center>

12 <center>**(Battery – Against Defendants Cadigan, Sprague and County of San Diego)**</center>

13     43.    Plaintiff re-alleges all prior paragraphs of this Complaint and incorporates the
14 same herein by this reference.

15     44.    The defendant Sheriff's deputies (and DOE Defendants), acting on behalf of
16 Defendant San Diego County, touched Plaintiff with the intent to harm or offend him.
17 Plaintiff did not consent to the touchings.

18     45.    Plaintiff suffered economic and non-economic damages, including, but not
19 limited to emotional distress and pain and suffering as a result of Defendants' acts complained of
20 herein, in an amount to be proven at trial but exceeding the jurisdictional minimum of this
21 Court.

22     46.    Defendants' conduct constitutes oppression, fraud or malice within the
23 meaning of Civil Code § § 3294 et seq. and punitive damages should be assessed against
24 Defendants.

25     47.    Defendant San Diego County is liable pursuant to California Government Code§
26 815.2.

27 ///
28 ///

<center>Complaint for Damages
7</center>

<center>**EXHIBIT A**</center>

## SEVENTH CAUSE OF ACTION

### (Negligence – Against All Defendants)

48.     Plaintiff re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference.

49.     The defendant Sheriff's deputies and LeBlanc (and DOE Defendants), acting on behalf of Defendant San Diego County, had a duty to Plaintiff to act with ordinary care so as not to cause injury or harm to another.

50.     By engaging in the acts alleged herein, Defendants failed to act with ordinary care and breached their duty of care owed to Plaintiff.

51.     Defendant San Diego County failed to act with ordinary care in failing to properly train and supervise its officers with respect to the constitutional and statutory rights of citizens.

52.     As a direct, proximate and foreseeable result of Defendants' breach of their duty of care, Plaintiff suffered damages, including but not limited to, serious emotional distress and other damages in an amount according to proof at the time of trial.

53.     Defendant San Diego County is liable pursuant to California Government Code § 815.2.


## EIGHTH CAUSE OF ACTION

### (42 U.S.C. § 1983 - Failure to Properly Train Plaintiff Against Defendant San Diego County)

54.     Plaintiff re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference.

55.     Defendant San Diego County, as a matter of custom, practice and policy, failed to maintain adequate and proper training as to the constitutional rights of citizens, specifically the 4th Amendment rights of individuals to be free from warrantless searches and seizures in the home.

## EXHIBIT A

56.     Defendant San Diego County knew or should have known that the inadequate training program was likely to result in a deprivation of the right of citizens to be free from unreasonable searches and seizures.

57.     Defendant DOES in their capacity as deputies and as employees and agents of Defendant San Diego County, violated Plaintiff's right to be free from unreasonable searches and seizures.

58.     The failure of Defendant County of San Diego to provide adequate training was the cause of the deprivation of Plaintiff's right to be free from unreasonable searches and seizures.

59.     Plaintiff suffered economic and non-economic damages, including, but not limited to emotional distress and pain and suffering as a result of Defendants' acts complained of herein, in an amount to be proven at trial but exceeding the jurisdictional minimum of this Court.

## REQUEST FOR RELIEF

THEREFORE, Plaintiff requests a judgment against Defendants County of San Diego, Christopher Cadigan, Amber Sprague, Ashley Leblanc, and Does 1-20 as follows:

a.   Entering judgment for compensatory general and special damages in an amount in accordance with proof;

b.   Entering judgment for three times the compensatory general and special damages pursuant to California Civil Code § 1708.8(d);

c.   Entering judgment for exemplary damages against Defendants Cadigan, Sprague, and LeBlanc in an amount sufficient to punish and to make an example of said Defendants and others from engaging in similar conduct;

d.   Entering judgment for reasonable costs of suit and attorneys' fees pursuant to 42 U.S.C. Section 1988; and

e.   Granting such other and further relief as the Court deems just and proper.

///

///

Complaint for Damages
9

**EXHIBIT A**

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

DATED:      May 4, 2022                     LAW OFFICE OF STEVE HOFFMAN

By: _____
Steve Hoffman
Attorney for Plaintiff John Doe

Complaint for Damages
10

**EXHIBIT A**