CLAUDIA G. SILVA, County Counsel (SBN 167868)
By: JEFFREY K. MIYAMOTO, Senior Deputy (SBN 227748)
    STEVEN P. INMAN, II, Senior Deputy (SBN 227748)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4860
Facsimile:  (619) 531-6005
Email: jeffrey.miyamoto@sdcounty.ca.gov; steven.inman@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, Christopher Cadigan, and Amber Sprague

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Doe,<br><br>    Plaintiff,<br><br>    v.<br><br>County of San Diego, a government entity; Christopher Cadigan, an individual; Amber Sprague an individual; Ashley Leblanc, an individual; and DOES 1 to 20, inclusive,<br><br>    Defendants. | No. 23-cv-00251-AGS-KSC<br><br>**DEFENDANTS CHRISTOPHER CADIGAN AND AMBER SPRAGUE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Courtroom: 5C<br>ICJ: Hon. Andrew G. Schopler<br>Date: June 9, 2023<br>Time: 2:00 p.m.<br><br>**[IMAGED FILE]** |

County of San Diego Sheriff's Department Deputy Defendants Christopher Cadigan and Amber Sprague (collectively, "Deputy Defendants") respectfully submit this Reply to Plaintiff's Opposition to their Motion to Dismiss Portions of Plaintiff's First Amended Complaint.

/ / /

/ / /

/ / /

/ / /

# I.
## PLAINTIFF FAILED TO ALLEGE SUFFICIENT FACTS TO SUPPORT HIS BANE ACT CLAIM

Plaintiff's reliance on *Bender v. County of Los Angeles,* 217 Cal.App.4th 968, 978 (2013), for the overstated proposition that "an unlawful arrest made with excessive force satisfies the Bane Act" is misplaced in this case. (ECF No. 24, p. 3:1-2.) *Bender* involved a plaintiff who was beaten while he was in handcuffs and not resisting arrest. *Id*. at 972-973. That is not the case here.

In *Bender*, the Court of Appeal held that the Bane Act applied because there was a Fourth Amendment violation, an arrest without probable cause, accompanied by the beating and pepper spraying of the unresisting, handcuffed arrestee. Where an arrest is unlawful *and* excessive force is applied in making the arrest, there has been coercion independent from the coercion inherent in the wrongful detention itself and a violation of the Bane Act. *Id*. at 978-979.

In further clarifying its decision, the Court further stated:

> "We emphasize that this is not a case involving the use of excessive force during an otherwise lawful arrest based on probable cause. Nor is it a case involving an unlawful arrest or detention, but without any coercion beyond the coercion inherent in any arrest. Here, the Bane Act applies because there was a Fourth Amendment violation – an arrest without probable cause – accompanied by the beating and pepper spraying of an unresisting plaintiff, i.e., coercion that is in no way inherent in an arrest, either lawful or unlawful. *Id*. at 978.

Here, in support of his Bane Act claim, Plaintiff only complains about Deputy Sprague pointing a gun at him and Deputy Cadigan placing him in handcuffs, coupled with the allegedly unlawful search and detention, violated the Bane Act. (FAC ¶¶ 15, 16, 46.) Moreover, Plaintiff has not yet established that his arrest was arrest was unlawful. Therefore, Deputy Defendants maintain that Plaintiff was required to allege that Deputy Defendants had a "specific intent" to violate his constitutional rights

Also, distinguishable from *Bender*, the sole alleged conduct of Deputy Cadigan (placing Plaintiff in handcuffs) supporting his Bane Act claim does not allege excessive force independent from any coercion inherent in the detention itself. At a minimum,

Plaintiff is required to show that Deputy Cadigan had a "specific intent" to violate his constitutional rights. *Reese v. City of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). Plaintiff failed to do so. Instead, Plaintiff improperly relies on conclusory statements that the deputies "intentionally, and with reckless disregard of Plaintiff's Fourth Amendment rights, interfered with Plaintiff's civil rights in violation of Section 52.1." FAC ¶ 45.

## II.
## PLAINTIFF'S CLAIM FOR INVASION OF PRIVACY FAILS BECAUSE NO "SERIOUS" INVASION OF PRIVACY HAS BEEN ALLEGED

In *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal.4th 1 (1994), the Court explained:

"No community could function if every intrusion into the realm of private action, no matter how slight or trivial, gave rise to a cause of action for invasion of privacy. Complete privacy does not exist in this world except in a desert, and anyone who is not a hermit must expect and endure the ordinary incidents of the community life of which he is a part. Actionable invasions of privacy must be sufficiently serious in nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right. Thus, the extent and gravity of the invasion is an indispensable consideration in assessing an alleged invasion of privacy." (*Id*. at 37.)

Plaintiff admits that Deputy Defendants were called out to his house for a wellness check because someone had reported that Plaintiff was a threat to himself. FAC ¶ 17. Plaintiff also admits that Deputy Defendants saw a belt lying on the floor near Plaintiff that Deputy Defendants believed that the belt could have been used by Plaintiff to harm himself. *Id*.

Plaintiff cites to three allegedly "egregious acts" by Deputy Defendants:

(1) Entering Plaintiff's enclosed backyard,

(2) Peering through the windows,

(3) Entering his home. (FAC ¶ 76.)

There is a compelling state interest for law enforcement to be able to perform their duties in responding to a call for a wellness check regarding a concern that someone may be about to engage in self-harm. The deputies' conduct of entering the Plaintiff's backyard and peering through the windows of the home was reasonable (certainly not

egregious) conduct when checking on the welfare of a person.  Moreover, when the deputies saw a belt lying on the floor next to Plaintiff that could be used for self-harm (the reason for the call), it was again completely reasonable (at not at all egregious) for the deputies to enter his home to ensure he was safe.  Under the facts alleged by Plaintiff, the deputies' conduct does not amount to a "serious" or "egregious" invasion of Plaintiff's privacy.

Accordingly, Plaintiff's ninth claim for invasion of privacy against Deputy Defendants fails.

## III.
## PLAINTIFF FAILS TO CITE ANY SPECIFIC FACTUAL ALLEGATIONS SUPPORTING PUNITIVE DAMAGES AGAINST DEPUTY DEFENDANTS

In his Opposition, Plaintiff fails to cite to any specific factual allegation in the FAC supporting his claim for punitive damages against Deputy Defendants.  (ECF No. 24, pp. 4:17-5:8.)  The FAC is devoid of the requisite factual allegations demonstrating that either of the Deputy Defendants' conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of Plaintiff.  *Fair Housing of Marin v. Combs*, 285 F.3d 899, 916 (9th Cir. 2002) (internal citations omitted); *see also Dang v. Cross*, 422 F.3d 800, 807-09 (9th Cir. 2005).

Indeed, Plaintiff cites to conduct by Defendant Ashley LeBlanc (not either of the Deputy Defendants) in his Opposition.  (Opposition, p. 5:7-8: "The conduct alleged against Defendant LeBlanc satisfies this standard: she acted in conscious disregard of Plaintiff's right to be free from unlawful searches and seizures.")  There is no mention of any specific conduct of Defendants Sprague or Cadigan supporting Plaintiff's claim for punitive damages.  At most, only negligent conduct has been alleged against them.

Because Plaintiff has not demonstrated any entitlement to punitive damages arising out of Deputy Defendants' conduct, his punitive damages claims should be dismissed.

/ / /

/ / /

## IV.
## CONCLUSION

Plaintiff's First Amended Complaint fails to plead adequate facts or provide sufficient detail with respect to the claims discussed above.  Therefore, the Deputy Defendants respectfully request that the Court grant their Motion to Dismiss Portions of the First Amended Complaint in this action.

DATED: June 2, 2023             CLAUDIA G. SILVA, County Counsel

                        By:   s/JEFFREY K. MIYAMOTO, Senior Deputy
                              Attorneys for Defendants County of San Diego,
                              Christopher Cadigan, and Amber Sprague