UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John DOE,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                            Defendants. | Case No.: 23-cv-0251-AGS-KSC<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF 43)** |

Plaintiff moves to amend his complaint to name a Doe defendant identified in discovery. Current defendants—County of San Diego, Christopher Cadigan, and Amber Sprague—"do not oppose" that request, but they do oppose the motion on two other grounds. (ECF 48, at 1.)

First, defendants point out that the proposed amended complaint (ECF 43-1) reasserts a previously dismissed *Monell* claim. (*See* ECF 48, at 3–4 (citing ECF 25, at 2).) Plaintiff admits that this was "inadvertent[]" and attaches to his reply brief a "corrected version" of his proposed filing without that cause of action. (ECF 49, at 1; *see* ECF 49-2.)

Second, defendants object to plaintiff's continuing to proceed under a "John Doe" pseudonym, claiming that he "does not plead facts sufficient" to do so. (ECF 48, at 4.) But plaintiff pleads no fewer facts now than he did prior to removal, when a San Diego Superior Court judge granted his application to proceed anonymously. (*See* ECF 49, at 2; *Doe v. County of San Diego*, No. 37-2022-00016847-CU-CR-CTL (Cal. Super. Ct. Oct. 12, 2022), Dkt. 17.) "After removal, the federal court 'takes the case up where the State court left it off.'" *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974).

If defendants wish the Court to reconsider the state court's order, they must do so by filing a motion to that effect and giving plaintiff a fulsome opportunity to oppose it—not one limited to a reply brief with a two-day filing deadline. *See, e.g.*, *Doe v. Holder*, No. C 11-04915 CW, 2011 WL 6329858, at *1 (N.D. Cal. Dec. 14, 2011) (granting "motion

1

for reconsideration" of previous order permitting plaintiff's pseudonymity); *Doe No. 1 v. Fitzgerald*, No. CV 20-10713-MWF (RAOx), 2022 WL 425032, at *3 (C.D. Cal. Jan. 6, 2022) (denying reconsideration and finding waiver when defendant failed "to even attempt a good cause explanation that would justify [his] delay" in objecting to plaintiff's anonymity); *John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau*, 195 F. Supp. 3d 9, 14 (D.D.C. 2016) (finding "untimeliness," "judicial economy and finality" important in deciding such a motion).

    Plaintiff's motion for leave to amend is **GRANTED IN PART**. By **July 17, 2024**, plaintiff must docket the "corrected" version of the second amended complaint attached to his reply at ECF 49-2.

Dated:  July 15, 2024

Andrew G. Schopler
United States District Judge