DAVID J. SMITH, County Counsel (SBN 185643)
By   TIMOTHY A. HANNA, Senior Deputy (SBN 310620)
     STEVEN P. INMAN, II, Senior Deputy (SBN 227748)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4860; Fax: (619) 531-6005
E-mail: timothy.hanna@sdcounty.ca.gov; steven.inman@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, Christopher Cadigan, Frank Spinelli and Amber Sprague

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Doe,<br><br>   Plaintiff,<br><br>   v.<br><br>County of San Diego, a government entity; Christopher Cadigan, an individual; Amber Sprague an individual; Ashley Leblanc, an individual; Frank Spinelli, an individual; and DOES 1 to 20, inclusive,<br><br>   Defendants. | No. 23-cv-00251-JLS-KSC<br><br>**REPLY TO PLAINTIFF JOHN DOE'S OPPOSITION TO DEFENDANTS' COUNTY OF SAN DIEGO, CHRISTOPHER CADIGAN, FRANK SPINELLI AND AMBER SPRAGUE'S MOTION FOR RECONSIDERATION OF STATE COURT ORDER ALLOWING PLAINTIFF TO PROCEED UNDER PSEUDONYM**<br><br>Courtroom: 4D<br>District Judge: Hon. Andrew G. Schopler<br><br>**Fed. R. Civ. Proc. 10(a), 17(a), and 54(b)** |

Defendants County of San Diego, Deputy Chris Cadigan, Deputy Frank Spinelli, and Deputy Amber Sprague (the "County Defendants") did not waive their right to have this motion reconsidered because Rule 54 of the Federal Rules of Civil Procedure affords the Court the right to reconsider such interlocutory orders at *any time* and this Court has

inherent authority to reconsider the state court order, regardless of local rules timing guidelines.

This Court should exercise its inherent authority to reach the merits of this motion in the interest of fairness as the County Defendants were not afforded the right to oppose Plaintiff's use of a pseudonym because the order at issue was granted prior to any Defendants' entry into the case. The instant motion seeks only to rectify the injustice that a decision on such a central feature of this case occurred without notice or the opportunity to be heard.

Plaintiff's opposition fails to offer any additional facts that might support or substantiate his claimed need for privacy. Under federal law, pseudonyms should only be used in special circumstances and Plaintiff has failed to demonstrate why such a circumstance exists in this instance.

## I. THE COUNTY DEFENDANTS HAVE NOT WAIVED THEIR RIGHT TO OPPOSE THE PSEUDONYM ORDER

The County Defendants did not waive their right to bring the instant motion because by failing to offer good cause for their delay. Plaintiff's opposition cites no authority which might impose such a good cause requirement. The County Defendants raise this motion now in light of the significant prejudice they face and have faced as a result of Plaintiff's reliance on a pseudonym, and Plaintiff cites no binding authority to suggest the timing of this motion is improper.

Plaintiff's opposition contends the County Defendant' Motions for Reconsideration would be untimely under Rule 59 and Rule 60, but the County Defendants did not bring this motion under either rule. The County Defendants decided not to bring this as a Rule 59 motion because such a motion applied to motions for new trial or to amend a judgment which were distinct from the order sought reconsidered. Fed. Rules Civ. Proc., Rule 59. The County Defendants similarly discounted a motion under Rule 60 as precluded by time limitations and more importantly, the grounds for such a motion did not fit the circumstances under which this order was granted. Rule 60 provides grounds for relief for

"mistake, inadvertence, surprise, or excusable neglect" or raise "newly discovered evidence." Fed. Rules Civ. Proc., Rule 60(b)(1)-(2). Such grounds presume that the party seeking relief had been present at the hearing to make a mistake or fail to raise newly discovered evidence. Here, the order granting Plaintiff the right to proceed by pseudonym was by unopposed ex part application granted before any Defendants appeared in this action. (Exhs. 2-3 to RFJN ISO Mtn [ECF 82-2])

Instead, Defendants pursued this motion under Rule 54. That rule addressed the actual circumstances presented by the State Court Order granting Plaintiff the right to proceed by pseudonym. Such an order is an "order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Under rule 54, such orders "may be revised at *any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b), emphasis added.

Plaintiff contends that the instant Rule 54 motion is untimely because all motions for reconsideration need to be filed within 28 days of the ruling. Plaintiff relies on a district court ruling rejecting a motion to reconsider a Court order granting Plaintiff's request for a new trial. *Hooper v. Cnty. of San Diego*, 07CV1647-JAH-KSC, 2020 WL 5294672, at *1 (S.D. Cal. Sept. 3, 2020) In Hooper, the Court reasoned that "Defendants' motion falls well beyond the deadlines imposed by Local Rule 7.1(i)(2). Further, the Court has previously reconsidered its prior order granting Plaintiff's motion for a new trial. As such, the Court declines to exercise its inherent power to reconsider the order." *Ibid.* Contrary to Plaintiff's assertion, *Hooper* does not stand for the prospect that a Rule 54 hearing can never occur beyond 28 days but rather the circumstances in that particular instance did not warrant the exercise of inherent authority to find an exception.

In the underlying motion, the County Defendants directly address the issue that they fall outside the deadline of the local rules by asking the Court to exercise its inherent authority. Unlike *Hooper*, this is not a motion renewed for a second time- substantive federal law regarding pseudonym use has never been applied to this case. Unlike *Hooper*,

this is not reconsideration of a post-trial order where both sides were adequately represented- Defendants had not yet appeared at the time this order was issued.

Further, the Court has discretion to reconsider these orders. "[A] court's inherent power to reconsider interlocutory orders exists independently of local rules." *Appel v. Concierge Auctions, LLC*, 17-CV-2263-BAS-MDD, 2018 WL 4700472, at *2 (S.D. Cal. Oct. 1, 2018); *see also Jones v. Bank of Am., N.A.*, No. 11-1161-JM(WVG), 2012 WL 1286924, at *2 (S.D. Cal. Oct. 10, 2012) ("[T]he time limitations set forth in local rules do not affect a court's power to correct or modify its previous rulings *sua sponte* at any time prior to judgment.")

Finally, public policy would encourage the Court to reach a substantive decision on Plaintiff's use of a pseudonym. The primary purpose of time limitations for reconsideration, the public's interest in finality of judgments, would not be served by denying this motion on procedural grounds. *John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau*, 195 F. Supp. 3d 9, 14 (D.D.C. 2016) (finding "judicial economy and finality" important in deciding such a motion). The finality of judgments doctrine by design avoids the burden and uncertainty imposed by attempts to relitigate issues decided in a fair and impartial hearing at which both sides were represented. However, the decision to allow Plaintiff to proceed by pseudonym occurred <u>before</u> Defendants appeared in the case. (Exhs. 2-3 to RFJN ISO Mtn [ECF 82-2]) The order was granted after an unnoticed hearing following an Ex Parte Application at which only one side's interests were represented. (*Ibid.*) Further, the State Court reached no findings of fact or law in its order. (*Ibid.*) To date, no Court has litigated the propriety of Plaintiff's pseudonym use in a fully noticed hearing in which both parties were represented.

This case presents the exact circumstance where the Court would be warranted in exercising its discretion to reconsider the state Court Order. Justice demands such a motion be heard and considered in full, not summarily dismissed as waived.

///

///

## II. PLAINTIFF HAS NOT MET HIS BURDEN OF DEMONSTRATING THAT SPECIAL CIRCUMSTANCES EXIST

In his opposition, Plaintiff fails to address how he has met his burden of demonstrating that special circumstances exist to warrant use of a pseudonym. In his opposition, Plaintiff is concerned with Defendants purported lack of prejudice or the public's interest in a transparent process. These are indeed important factors that are covered in depth in the County Defendant's motion. However, Plaintiff cannot reach those issues because he fails to address the most primary question as to what special circumstance exists that would authorize use of a pseudonym.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a)(requiring that the title of every complaint "include the names of all the parties). This presumption is related to the public's common law right of access to judicial proceedings, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000), and "the right of private individuals to confront their accusers," *Kamehameha Schools*, 596 F.3d at 1042.

To justify anonymity, "ridicule" or "personal embarrassment" must be coupled with a demonstration it is an "unusual case" and it is a "special circumstance" in which "anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature.'" *United States v. Doe*, 655 F.2d 920, 922, fn. 1 (9th Cir. 1980); *Advanced Textile Corp*, 214 F.3d at 1068. Additionally, "a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable... fear of severe harm is irrelevant if the plaintiffs do not reasonably fear severe harm." *Kamehameha Sch.*, 596 F.3d at 1043-1044.

Nowhere in the Complaint or in his opposition does Plaintiff offer any facts to support his conclusion that he has a reasonable fear of severe harm to his reputation. Plaintiff claims "[b]ecause of the nature of the allegations alleged in this Complaint, Plaintiff is identified by a pseudonym in order to preserve his confidentiality and to avoid potential opprobrium- including professional opprobrium..." (Plaintiff's Second Amended

Complaint [ECF No. 52] ("SAC"), ¶ 1.) However, his opposition offers no additional facts to support why disclosure of this lawsuit would cause him professional embarrassment sufficient to warrant use of a pseudonym.

This matter arises from Plaintiff's brief involuntary detention for mental health evaluation. (SAC, ¶ 20.) However, Plaintiff "denied any current mental health problems…" and alleges he was "immediately discharged from the psychiatric hospital because he did not meet any of the criteria for an involuntary detention pursuant to applicable law." (*Id.* at ¶ 23.) No reasonable person would feel shame for an incident in which they had done no wrong. If Plaintiff's allegations are true, <u>he has no cause for embarrassment</u> because he was not found to have any mental health problems and was merely improperly detained.

Plaintiff's fear of embarrassment is not a special circumstance warranting anonymity, nor does it outweigh the prejudice to Defendants and the public interest in transparent proceedings.

DATED: September 19, 2025        DAVID J. SMITH, County Counsel

                                                              */s/ Timothy A. Hanna*
By   Timothy A. Hanna, Senior Deputy
      Steven P. Inman, II, Senior Deputy
      Attorneys for Defendants County of San Diego, Christopher Cadigan, Frank Spinelli and Amber Sprague