UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John DOE,<br><br>  Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>  Defendants. | Case No.: 23-cv-0251-AGS-KSC<br><br>**ORDER DENYING DEFENSE MOTION TO RECONSIDER PSEUDONYMITY (ECF 82) AND GRANTING MOTION FOR JUDICIAL NOTICE (ECF 82-2)** |

In late 2022, a state judge granted plaintiff's request to proceed pseudonymously in this matter. (ECF 1-3, at 11.) Months later, the case was removed to federal court. (ECF 1.) Seasons, years, and even Presidential Administrations then passed before defendant County of San Diego moved to reconsider plaintiff's use of a fictitious name. (*See* ECF 82.) That reconsideration motion is denied as untimely.

In this district, absent exceptions that don't apply here, "any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." CivLR 7.1(i)(2). This defense motion was filed almost three years after the relevant ruling. (*Compare* ECF 1-3, at 11 *with* ECF 82.) More charitably, we might start the timer in July 2024, when this Court noted that the proper way to challenge plaintiff's use of a fictitious name was by "filing a motion" to "reconsider the state court's order." (ECF 50, at 1.) Yet the County still waited over a year before doing so. (*See* ECF 82.) By any clocking, then, the motion is late.

Of course, "in the interest of justice," this Court may "waive the applicability" of the 28-day reconsideration deadline. CivLR 1.1(d). But the defense offers little cause to do so. Beyond general arguments against pseudonymity, it insists that plaintiff's "anonymity has already imposed significant limits on the County," and it expects similar "significant limitations" in the future. (ECF 82-1, at 12–13.) But the only identified "limit[]" is that a discovery dispute arose. (*See id.*) At the related conference, the County says the Magistrate Judge "approved service of" one of the defense's requested subpoenas "but not . . . two"

1

others. (*Id.* at 12–13.) As limitations go, this is meager stuff. In fact, the defense has not sought any discovery-related sanctions nor reconsideration motions over this dispute, which would seem to be the proper vehicle to remedy the plaintiff's purported foul play.

The motion to reconsider is **DENIED**; the requests for judicial notice are **GRANTED**; and the February 27, 2026 hearing is vacated. At the final pretrial conference, the Court is open to hearing argument about whether pretrial pseudonymity concerns should give way to transparency for purposes of a public trial.

Dated:  February 23, 2026

Andrew G. Schopler
United States District Judge