UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John DOE, | Case No.: 23-cv-0251-AGS-KSC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT ASHLEY LEBLANC'S UNOPPOSED MOTION TO CONFIRM GOOD-FAITH SETTLEMENT (ECF 89)** |
| COUNTY OF SAN DIEGO, et al., | |
| Defendants. | |

Defendant Ashley Leblanc seeks an order deeming that her settlement with plaintiff John Doe was reached in good faith.

When evaluating a settlement's "good faith," courts usually must consider the "factors" set forth in *Tech-Bilt v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 167 (1985). But if, as here, "none of the nonsettling parties files a motion" "to contest the good faith of the settlement" "within 25 days of mailing of the notice, application, and proposed order, or within 20 days of personal service, the court may approve the settlement." Cal. Civ. Proc. Code § 877.6(a)(2). "That is to say, when no one objects, the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient" for the good-faith showing. *City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251, 1261 (1987); *see also Xtermite, Inc. v. Chargualaf*, No. 24-cv-2317-LL-DDL, 2025 WL 3531558, at *2 (S.D. Cal. Nov. 3, 2025) ("[B]ecause no party has objected to the instant motion for determination of good faith settlement, the Court need not apply the *Tech-Bilt* factors.").

Leblanc's good-faith-settlement request more than meets this low standard. She filed a declaration giving a brief case background, and her motion sets forth the settlement's good-faith grounds—that she paid plaintiff a "fair and reasonable amount" "within the available insurance policy limit" to avoid "the escalating costs associated with defending this lawsuit." (ECF 89, at 6, 8–9.) No one objected to that assertion nor to her request for an "order barring any pending or future claims from any joint tortfeasor against [Ashley]

1

Leblanc based upon implied equitable indemnity, contribution or comparative fault." (*See id.* at 10.)

So, the Court **GRANTS** the unopposed motion. The settlement was made in good faith. Any pending or future claims from any joint tortfeasor against this defendant based upon implied equitable indemnity, contribution or comparative fault are barred.

Dated:  February 24, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

2

23-cv-0251-AGS-KSC