# EXHIBIT 5

Christopher Cadigan Confidential John Doe vs. County of San Diego

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

--o0o--

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, a government entity; CHRISTOPHER CADIGAN, an individual; AMBER SPRAGUE, an individual; ASHLEY LEBLANC, an individual,<br><br>Defendants. | Case No. 23-CV-251-AGS-KSC |

VIDEOCONFERENCE DEPOSITION OF

CHRISTOPHER CADIGAN

San Diego, California

CONFIDENTIAL

Date: Thursday, September 11, 2025
Time: 2:10 p.m. PST
Stenographer: Renee Combs Quinby, RDR, CRR, CA CSR #11867, TX CSR #12184, MO CCR #1291, IL CSR #084-004867
Job No.: 10171894





EXHIBIT 5

Christopher Cadigan Confidential John Doe vs. County of San Diego

REMOTE APPEARANCES

FOR THE PLAINTIFF:

Steve Hoffman, Esq.
Law Office of Steve Hoffman, APC
1350 Columbia Street, Suite 401
San Diego, CA 92101
(619)677-3015
shoffmanlaw@gmail.com

FOR THE DEFENDANT COUNTY OF SAN DIEGO:

Timothy Hanna, Esq.
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, CA 92101
(619)531-4942
timothy.hanna@sdcounty.ca.gov

FOR THE DEFENDANT ASHLEY LEBLANC:

D. Wilson Jordan, Esq.
Brockman Quayle Bennett
12481 High Bluff Drive, Suite 301
San Diego, CA 92130
(858)788-3900
wjordan@bgblaw.com

APTUS MONITOR: Vincent Taisague





www.aptusCR.com

Q. Okay. And did you do that?
A. Yes.
Q. I -- I assume you were driving, correct?
A. Correct.
Q. So did the PERT clinician make the phone calls?
A. Yes.
Q. Do you recall if they were on speakerphone?
A. I don't recall.
Q. Do you recall hearing the conversations with the reporting parties?
A. I don't recall.
Q. And do you recall, then, what was communicated to the PERT clinician in those phone calls to the reporting party?
A. I was relayed the information. And --
Q. I'm sorry. Go ahead.
A. Yeah, I was relayed the information from the PERT clinician.
Q. Okay. And what did she tell you?
A. She learned that the subject was stressing over relationship issues and job issues. He wanted to hang himself. He was on suicide watch with his church, and he recently was becoming more and more desperate and stopped answering his phone calls.

Q. And do you recall if that came from the reporting party or the third party?
A. I don't recall.
Q. Did the PERT clinician call both the reporting party and the third party?
A. Yes.
Q. Is there any other information that the PERT clinician obtained from either of those parties that you can recall?
A. I can't recall.
Q. And after the PERT clinician obtained that information, did you have further discussions with her on the way -- strike that.
Did you have further discussions with the PERT clinician on the way to the plaintiff's home?
A. I believe I did. I don't recall --
Q. And do you --
A. -- what the discussion would be about.
Q. All right. Did -- at that point, before you got to the home, did you or the PERT clinician make any attempt to verify any of the information that came from the reporting party or the third party?
MR. JORDAN: Objection. Vague.
THE WITNESS: Sorry. Can you rephrase the question?

Q. Yes.
A. Once. I mean, at least once.
Q. At least once.
And did you ring the doorbell?
A. I don't recall.
Q. Did you announce yourself as law enforcement when you were knocking?
A. I don't recall.
Q. So were there any signs -- when you arrived and you were in the front yard, were there any signs at that time of an emergency?
A. Yes.
Q. What were the signs of an emergency when you arrived at the plaintiff's home?
A. With the totality of everything, all the information that I had, I believed he was injured inside.
Q. And you believed that based solely on the phone calls and a knock at the door; is that correct?
A. The information from -- yes, the information from the phone calls, the vehicle parked in the front. Also, when I walked around to the back of the fence, there was a sheet or blanket covering a doorway, which typically on a suicidal call, a suicidal person will try to hide where they're committing suicide.

A. Yes.
Q. All right. Could you see the blue van or inside the garage from the front of the house?
A. No.
Q. And did you ask Deputy Sprague to contact the reporting party again?
A. I don't recall.
Q. Do you recall whether the gate to the back of the plaintiff's home was locked?
A. Yes.
Q. And how did you get through that lock?
A. I observed a deputy on the phone with someone, and they were obtaining the code for the lock.
Q. So you had -- so you had made your decision to go into the backyard at that point, correct?
A. Correct.
Q. And that was based on the reporting party's statements and the sheet that you saw; is that correct?
A. Correct.
Q. Are there any other facts that you can think of right now that you knew that -- that made -- that made your decision to enter the plaintiff's backyard?
A. No.
Q. Did you attempt to contact the next-door neighbor to see if the plaintiff was home before you

**Q. All right. And you stated, based on your training and experience, that this may be an indication of a person committing suicide.**

**Can you tell me why that is an indication of a person committing suicide?**

A. From past calls where I found people who have committed suicide, it's typically in a doorway when they want to hang themselves, and they like to try to hide the actual suicide from neighbors or someone coming around so it's not in immediate view.

**Q. And so do you recall where the plaintiff was at this time?**

A. Yes.

**Q. And what -- I've got -- do you see my cursor again?**

A. Yes.

**Q. Was this where the plaintiff was (indicating)?**

A. Yes.

**Q. And do you recall what he was doing?**

A. Yes.

**Q. What was he doing?**

A. He was sitting on the floor, rocking back and forth, sitting next to a belt which was consistent with the reporting party stating he wanted to hang himself.

**Q. And we'll look over here to the right**

BY MR. HOFFMAN:

Q. Okay. And -- excuse me.

So here you wrote, "He initially asked if I could call his mother who lived nearby to secure his home but then changed his mind."

Did you say that you reviewed your body-worn footage within the last week?

A. Yes.

Q. I didn't see anywhere in there that he asked if you could call his mother to secure his home.

Did you?

A. Not in that video, no.

Q. Did he ask after you turned your body-worn camera off?

A. Yes, when he was -- he asked when he was already in the patrol vehicle on the way to -- away from his house.

Q. Now, when you decided to enter the plaintiff's -- through his -- into his bedroom through the sliding door, describe the physical actions you took to place him in handcuffs.

A. I grabbed his -- his arm and placed a handcuff on his wrist.

Q. And why did you feel it was necessary to place handcuffs on the plaintiff?

A. Due to suicidal subjects who want to commit suicide and them being in their own home and knowledge of where they could have weapons nearby. While we talk to them, place them in handcuffs so they can't reach for those weapons and potentially injure themselves or the deputies.

**Q. So after that you removed him from his bedroom, correct?**

A. Correct.

**Q. And at that point, he continued to tell you that the handcuffs were causing him pain, correct?**

A. I don't recall at that point.

**Q. Do you recall the plaintiff asking you to take the handcuffs off?**

A. Yes.

MR. HANNA: And Counsel, I'm sorry to interrupt. If -- if there's a good time or a good break in the questions, if we could just take a quick five-minute break.

MR. HOFFMAN: Yeah. Yeah, why don't we do that right now. And let me mark this here.

Yeah, if we could make it -- is ten okay?

MR. HANNA: Yeah, ten is great.

MR. JORDAN: Let me --

MR. HOFFMAN: So that would be 3:25. How

CERTIFICATE OF REPORTER

I, RENEE COMBS QUINBY, California Certified Shorthand Reporter #11867, hereby certify that the witness in the foregoing deposition was by me duly sworn to tell the truth, the whole truth, and nothing but the truth in the within-entitled cause;

That said deposition was taken in shorthand by me, a disinterested person, at the time and place therein stated, and that the testimony of the said witness was thereafter reduced to typewriting under my direction and supervision;

That before completion of the deposition, review of the transcript was requested. If requested, any changes made by the deponent (and provided to the reporter) during the period allowed are appended hereto. I further certify that I am not of counsel or attorney for either or any of the parties to the said deposition, nor in any way interested in the event of this cause, and that I am not related to any of the parties thereto.

Dated: 09/22/2025

Renee Quinby

-------------------------------------

Renee Combs Quinby, RDR, CRR,

CA CSR #11867

# DECLARATION UNDER PENALTY OF PERJURY

Case Name: John Doe
Confidential
Christopher Cadigan
John Doe
vs. County of San Diego
vs. County of San Diego

Date of Deposition: 09/11/2025

Job No.: 10171894

I, CHRISTOPHER CADIGAN, hereby certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 3 day of October, 2025, at 0934 hours.

[signature]

CHRISTOPHER CADIGAN

NOTARIZATION (If Required)

State of ________________

County of _______________

Subscribed and sworn to (or affirmed) before me on this _____ day of ____________, 20__, by________________________, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: ______________________________ (Seal)

www.aptusCR.com



EXHIBIT 5

DEPOSITION ERRATA SHEET
Case Name: John Doe
vs. County of San Diego
Confidential
Christopher Cadigan
John Doe
vs. County of San Diego
Name of Witness: Christopher Cadigan
Date of Deposition: 09/11/2025
Job No.: 10171894
Reason Codes: 1. To clarify the record.
2. To conform to the facts.
3. To correct transcription errors.

Page ______ Line _______ Reason _______
From ____________________________ to ______________________________

Page ______ Line _______ Reason _______
From ____________________________ to ______________________________

Page ______ Line _______ Reason _______
From ____________________________ to ______________________________

Page ______ Line _______ Reason _______
From ____________________________ to ______________________________

Page ______ Line _______ Reason _______
From ____________________________ to ______________________________

Page ______ Line _______ Reason _______
From ____________________________ to ______________________________

Page ______ Line _______ Reason _______
From ____________________________ to ______________________________

Page ______ Line _______ Reason _______
From ____________________________ to ______________________________

Page ______ Line _______ Reason _______
www.aptusCR.com
From ____________________________ to ______________________________



EXHIBIT 5

DEPOSITION ERRATA SHEET

Page ______ Line _______ Reason _______

Confidential
Christopher Cadigan
John Doe
vs. County of San Diego

From ____________________________ to ______________________________

Page ______ Line _______ Reason _______

From ____________________________ to ______________________________

Page ______ Line _______ Reason _______

From ____________________________ to ______________________________

Page ______ Line _______ Reason _______

From ____________________________ to ______________________________

Page ______ Line _______ Reason _______

From ____________________________ to ______________________________

Page ______ Line _______ Reason _______

From ____________________________ to ______________________________

Page ______ Line _______ Reason _______

From ____________________________ to ______________________________

Page ______ Line _______ Reason _______

From ____________________________ to ______________________________

Page ______ Line _______ Reason _______

From ____________________________ to ______________________________

Page ______ Line _______ Reason _______

From ____________________________ to ______________________________

________ Subject to the above changes, I certify that the transcript is true and correct

X_______ No changes have been made. I certify that the transcript is true and correct.

______________________________________
CHRISTOPHER CADIGAN

www.aptusCR.com



EXHIBIT 5