DAMON M. BROWN, County Counsel (SBN 242265)
By: TIMOTHY A. HANNA, Senior Deputy Attorney (SBN 310620)
STEVEN P. INMAN, II, Supervising Deputy Attorney (SBN 227748)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 904-0151; (619) 884-2931; Facsimile: (619) 531-6005
Email: Timothy.Hanna@sdcounty.ca.gov; Steven.Inman@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, Christopher Cadigan, Amber Sprague, and Frank Spinelli

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| John Doe,<br><br>Plaintiff,<br><br>v.<br><br>County of San Diego, a government entity; Christopher Cadigan, an individual; Amber Sprague an individual; Ashley Leblanc, an individual; Frank Spinelli, an individual, and DOES 1 to 20, inclusive,<br><br>Defendants. | No. 23-cv-00251-AGS-KSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SAN DIEGO, CHRISTOPHER CADIGAN, AMBER SPRAGUE AND FRANK SPINELLI'S NOTICE OF MOTION AND MOTION TO REDACT AND SEAL EXHIBITS TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF No. 90]**<br><br>Date: July 1, 2026<br>Time: 2:00 p.m.<br>Courtroom: 5C<br>Judge: Hon. Andrew G. Schopler |

In light of the order to protect Plaintiff John Doe's ("Plaintiff") identity in a pseudonymous proceeding, Defendants County of San Diego, Deputies Christopher Cadigan, Amber Sprague, and Frank Spinelli ("Defendants") respectfully request leave to filed several exhibits with redaction of any information that may identify Plaintiff and file under seal videofootage that captures his image and his residence. The requested relief is necessary because Defendants cannot file unsealed or unredacted exhibits in support of

their Motion for Partial Summary Judgment [ECF No. 90] without violating those Court orders granting Plaintiff the right to proceed by pseudonym. [ECF No. 1-3, at 11.]

## I. PROCEDURAL HISTORY

On May 4, 2022, Plaintiff John Doe filed a complaint in the Superior Court of California in the County of San Diego, Case No. 37-2022-00016847-CU-CR-CTL. (Exh. A to Notice of Removal [ECF No. 1-2].)

On October 10, 2022, Plaintiff filed an Ex Parte Application to Proceed Anonymously as a John Doe Plaintiff. On October 12, 2022, the State Court heard and granted Plaintiff's ex parte request to proceed anonymously as John Doe. [ECF No. 1-3, at 11.]

On February 9, 2023, Defendants Christopher Cadigan and Amber Sprague filed a Notice of Removal to remove this action to the United States District Court for the Southern District of California under Federal Question and Supplemental Jurisdiction. (Notice of Removal [ECF No. 1]) Defendant Frank Spinelli was added as a party in the Second Amended Complaint filed on July 17, 2024. [ECF No. 52.]

On August 15, 2025, Defendants filed a Motion for Reconsideration of State Court Order Allowing Plaintiff to Proceed Under Pseudonym. [ECF No. 82.] On February 23, 2026, the Court issued an Order Denying Defendants Motion. [ECF No. 97.] Consequently, the Court order granting Plaintiff leave to proceed pseudonymously remains in effect.

## II. MEET AND CONFER EFFORTS

Pursuant to Civil Chambers Rules 1 and 5, on April 27, 2026, Defendants' counsel Timothy A. Hanna and Plaintiff's counsel Stephen Hoffman conferred via videoconference in a good faith effort to resolve the issues raised by this motion. (Declaration of Timothy A. Hanna ("Hanna Decl."), ¶ 3.) Plaintiff's counsel indicated that Plaintiff does not oppose the requested relief in this motion. (*Id.* at ¶ 4.)

## III. ARGUMENT

The Court should grant Defendants' request to redact personal identifying information from three documents and seal three videos capturing Plaintiff's image,

introduced as exhibits to Defendants' Motion for Partial Summary Judgment, in light of the court orders allowing Plaintiff to proceed by pseudonym. It is axiomatic that "a strong presumption [exists] in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003). But that presumption is not absolute and can be overcome "by sufficiently important countervailing interests." *San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999).

Federal Rule of Civil Procedure 5.2(e) provides that a court may require redaction of private information from court filings or limit a nonparty's access to a document "for good cause." However, the standard has evolved to require more than "good cause" for documents attached to dispositive motions. For such records, the Court must apply "the higher threshold showing that 'compelling reasons' support secrecy." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

To demonstrate compelling reasons, the party must "articulate[ ] compelling reasons supported by specific factual findings[.]" *Foltz,* 331 F.3d at 1135 (citing *San Jose Mercury News, Inc.,* 187 F.3d at 1102–03). The compelling reasons must outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir.1995) (quoting *EEOC v. Erection Co.,* 900 F.2d 168, 170 (9th Cir.1990)). After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad,* 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.,* 798 F.2d 1289, 1295 (9th Cir.1986)).

One compelling reason to redact and/or seal these records is to enforce prior court orders. In this matter, the State Court issued an order granting Plaintiff leave to proceed pseudonymously and this Court affirmed that order in its ruling denying Defendants' Motion for reconsideration of that order. [ECF Nos. 1-3, 97.] A ruling granting the requested relief would be consistent with the pseudonym order's privacy protections. On

the contrary, an order denying this request would imply that Plaintiff's identity does not deserve protection from public disclosure.

Another compelling reason to allow these redactions/filing under seal is to avoid undue prejudice to Defendants. If the requested relief is denied, the pseudonym order would bar Defendants from producing several exhibits essential to their arguments in the underlying Motion for Summary Judgment. Under that order, Defendants are prohibited from public disclosure of information or images that might identify Plaintiff. However, Plaintiff's image and information identifying him are central parts of certain video and documentary evidence offered in support of Defendants' arguments in their Motion for Partial Summary Judgment [ECF No. 90].

### A. DEFENDANTS REQUEST TO FILE SEVERAL DOCUMENTS WITH PLAINTIFF'S PERSONAL INFORMATION REDACTED

Defendants request leave to file several of their exhibits with Plaintiff's personal identifying information redacted. Merely redacting these records, as opposed to filing under seal, will strike a balance between the public's interest in transparency and compliance with the pseudonym order. Specifically, Defendants seek to redact any and all personal identifying information from those documents referenced in Defendants' Motion for Partial Summary Judgment as: EXHIBIT 1- Background Event Chronology, Event No. E7160933 (CSD 000017-000021); EXHIBIT 2- Arrest Report, Case No. 21123192 (CSD 000001-000005); and EXHIBIT 11-Application for Assessment, Evaluation and Crisis Intervention or Placement for Evaluation and Treatment (CSD 00006-000007). (Hanna Decl., Exh. A-C.) In addition to e-filing a redacted version of these records, Defendants intend to file an unredacted version of these records under seal pursuant to Rule 5.2(f) of the Federal Rules of Civil Procedure.

### B. DEFENDANTS REQUEST TO FILE SEVERAL VIDEOS UNDER SEAL

Defendants also seek leave to file under seal three body worn camera videotapes which captured the Defendants' interactions with Plaintiff during the subject video. These

must be filed under seal to protect Plaintiff's identity as the videos consist almost entirely of images of Plaintiff and/or his residence. These videos are referenced in Defendants' Motion for Partial Summary Judgment as follows: EXHIBIT 6- Deputy Amber Sprague Body Worn Camera Footage, Event No. E7160933 (CSD 000028); EXHIBIT 7-Deputy Christopher Cadigan Body Worn Camera Footage, Event No. E7160933 (CSD 000027); and EXHIBIT 8- Deputy Frank Spinelli Body Worn Camera Footage, Event No.E7160933 (CSD 000026).

## IV. CONCLUSION

For the preceding reasons, Defendants respectfully request this Court allow the filing of certain redacted records and the filing under seal of certain video recordings under the compelling interest standard.

DATED: April 28, 2026

DAMON M. BROWN, County Counsel

By: *s/Timothy A. Hanna*
TIMOTHY A. HANNA. Senior Deputy Attorney
STEVEN P. INMAN, II, Supervising Deputy Attorney, Attorneys for Defendants County of San Diego, Christopher Cadigan, Amber Sprague, and Frank Spinelli